# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| SHAWN CROSS, | Case No. 2:22-cv-00611-JAD-VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| GOLDON NUGGET HOTEL & CASINO, et al., | APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 5) |
| Defendants. | |

I previously denied pro se plaintiff Shawn Cross application to proceed in forma pauperis (IFP) without prejudice. ECF No. 4. I noted in my order that, "[t]he District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form." *Id.*

I found in my previous order that, "plaintiff is concealing information about his household income and I cannot determine whether the applicant qualifies for IFP status" and I ordered that, "the plaintiff **must** complete the Long Form application." *Id.*, emphasis added, citing to *Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

Rather than complying with my order and submitting the Long Form application, plaintiff merely

resubmitted the Short Form IFP application. ECF No. 5. I have confirmed that the Long Form application is available on this court's website and via the clerk's office. I will give plaintiff one final opportunity to comply with my order. I deny plaintiff's resubmitted Short Form IFP application without prejudice. I give plaintiff another thirty days to file an updated Long Form IFP application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full. Since I deny plaintiff's IFP application, I do not screen his complaint now.

ACCORDINGLY,

I ORDER that Cross's application to proceed in forma pauperis (ECF No. 5) is DENIED without prejudice.

I FURTHER ORDER that Cross has until Friday, June 24, 2022, to file an updated IFP application using the **Long Form** or pay the filing fee as specified in this order. Failure to timely comply with this Order may result in case closure or a recommendation for dismissal with prejudice.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any

change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

    IT IS SO ORDERED.

    DATED this 25th day of May 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE