**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| SHAWN CROSS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>GOLDON NUGGET HOTEL & CASINO, et al.,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-00611-JAD-VCF<br><br>**ORDER**<br><br>APPLICATIONs TO PROCEED *IN FORMA PAUPERIS* (EFC NOS. 7 AND 8) |

　　　　I denied pro se plaintiff Shawn Cross's two previous incomplete applications to proceed in forma pauperis (IFP) without prejudice. ECF Nos. 4 and 6. For some reason plaintiff filed two new IFP applications that appear to be the substantially the same. I cannot, however, grant plaintiff's IFP application because he states that he has an asset worth: **"$5, 846, 271.18."** See ECF Nos. 7 and 8 at 3 (emphasis added).

　　　　This is a very specific number. I do not see how this multi-million-dollar asset can be attributed to a mere typo, or a misplaced comma or period. This multi-million-dollar asset amount is written underneath the box for the value of other real estate, but next to the box for motor vehicle value. Yet plaintiff states in response to question eleven that he does not have enough money to pay the filing fee. Plaintiff has either (1) misdescribed the asset, or (2) placed the value of a multi-million-dollar asset in the wrong box.

Although I am hesitant to give plaintiff a third chance to apply for IFP status, I will give plaintiff the benefit of the doubt. I will allow him yet another opportunity to apply for the privilege of proceeding IFP. Plaintiff must fill out the Long Form again, and he must specify in response to question eleven why he stated that he had a multi-million-dollar asset in his previous application. I warn plaintiff that he must fill out the form carefully and truthfully given that he makes this statement under penalty of perjury.

I deny plaintiff's IFP application without prejudice. I give plaintiff another thirty days to file an updated Long Form IFP application, consistent with the instructions in this order. Plaintiff may alternatively pay the filing fee in full. Since I deny plaintiff's IFP application, I do not screen his complaint now.

ACCORDINGLY,

I ORDER that Cross's applications to proceed in forma pauperis (ECF Nos. 7 and 8) are DENIED without prejudice.

I FURTHER ORDER that Cross has until Wednesday, July 27, 2022, to file a single updated IFP application using the Long Form or pay the filing fee as specified in this order. Failure to timely comply with this Order may result in case closure or a recommendation for dismissal with prejudice.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

    IT IS SO ORDERED.

    DATED this 27th day of June 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE