# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| SHAWN CROSS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GOLDON NUGGET HOTEL & CASINO, et al.,<br><br>　　　　　Defendants. | Case No. 2:22-cv-00611-JAD-VCF<br><br>**ORDER**<br><br>APPLICATIONs TO PROCEED *IN FORMA PAUPERIS* (EFC NOS. 10 AND 12) |

　　　　I denied pro se plaintiff Shawn Cross's previous applications to proceed in forma pauperis (IFP) without prejudice. ECF No. 9. I denied plaintiff's application because he stated that, "he has an asset worth: "**$5, 846, 271.18.**" *Id.*  For some reason plaintiff filed two new IFP applications that appear to be the substantially the same. I cannot, however, grant plaintiff's IFP applications because he still states that he has an asset worth **"$5, 846, 271.18"** in both applications. ECF Nos. 10 and 12. Either plaintiff did not read my orders and discover this error OR plaintiff owns a multi-million-dollar asset.

　　　　I order plaintiff NOT to file a new IFP application, but instead to file a notice with the court that explains his listing of a multi-million-dollar asset. If this is a typo, plaintiff must explain why he made this error multiple times now in his filings. If plaintiff files another IFP application with the same figure, I will deny it. I am giving plaintiff one last chance because it appears that this is probably an error. Plaintiff may alternatively pay the filing fee in full. Since I deny plaintiff's IFP application, I do not screen his complaint now.

　　　　ACCORDINGLY,

　　　　I ORDER that Cross's applications to proceed in forma pauperis (ECF Nos. 10 and 12) are DENIED without prejudice.

I FURTHER ORDER that Cross has until Monday, September 26, 2022, to file a notice on the docket explaining why he has listed a multi-million-dollar asset on his form multiple times now. Plaintiff may alternatively pay the filing fee. Failure to timely comply with this Order may result in case closure or a recommendation for dismissal with prejudice.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 25th day of August 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE