**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| SHAWN CROSS, | Case No. 2:22-cv-00611-JAD-VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| GOLDON NUGGET HOTEL & CASINO, et al., | APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NOS. 14) AND COMPLAINT (ECF NO. 2-1) |
| Defendants. | |

Pro se plaintiff Cross filed a notice to supplement his application to proceed in forma pauperis and a proposed complaint ECF Nos. 14 and 1-1. I have reviewed his filing and now grant his IFP application. ECF No. 14. I dismiss plaintiff's complaint without prejudice. ECF No. 1-1.

**I.     Plaintiff's IFP Application**

I previously denied pro se plaintiff Shawn Cross's previous applications to proceed in forma pauperis (IFP) without prejudice, and I gave him multiple opportunities to correct any errors. ECF No. 9, 10, and 12. I denied plaintiff's previous IFP applications because he stated that, "he has an asset worth: "$5, 846, 271.18." *Id.*  Plaintiff explains that the asset is actually his car, and that the large number reflects the "sentimental value." ECF No. 14. Plaintiff states that the actual value of his car, a 2007 Ford Focus Hatchback, is $2, 536. *Id.*

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to

pay such fees or give security therefor." LSR 1-1 states that an in forma pauperis application, "must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." Plaintiff's repeated filings regarding his subjective sentimental value of his car disregards this local rule and has wasted scarce judicial resources. I will give plaintiff the benefit of the doubt, however, and grant his application to proceed in forma pauperis. I caution plaintiff that he must follow our local rules and the rules of civil procedure going forward.

## II.     Plaintiff's Complaint

Since I grant plaintiff's IFP application, I must review his complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

 "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the court dismisses a complaint under § 1915(e), the plaintiff

should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). "[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Plaintiff*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a).

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.S. § 1331. To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). *Habacon v. Emerald Grande*, LLC, No. 2:19-cv-00165-MMD-PAL, 2019 U.S. Dist. LEXIS 63163, at 3-4 (D. Nev. Apr. 12, 2019).

Plaintiff filed a complaint against the Golden Nugget and the Troy Liquor Bar. ECF No. 2-1. The entire complaint form is empty, except that plaintiff alleges that the defendants violated NRS 608.080 through NRS 608.190. *Id.* Plaintiff's complaint does not contain any factual information or allegations against the defendants. *Id.* Plaintiff, however, attached another document: a complaint form that he submitted to the attorney general. See "attachment 1" at ECF No. 2-1 at 6. The attachment states that Cross had "a starting date at Golden Nugget Hotel & Casino, Troy Liquor Bar on Friday 2/11/22 with an

3

established payday of Friday 2/25/22[.]" *Id.* Plaintiff alleges that the defendants did not pay him for work he performed. *Id.*

Plaintiff refers only to Nevada laws that pertain to payment and collection of wages and other benefits. Plaintiff does not allege that this court has jurisdiction, so I read his blank complaint together with his attachment liberally. Plaintiff does not purport to bring any federal claims against the defendants, so federal question jurisdiction does not exist. Diversity does not exist here since all the parties are in Nevada. Even reading plaintiff's complaint liberally, this court does not have jurisdiction over his claims. I must dismiss his complaint for lack of jurisdiction, but I dismiss it without prejudice. If plaintiff amends, he must allege how this court has jurisdiction over this case.

I also note that plaintiff's current complaint does not comply with Rule 8. The entire complaint is blank except that he refers to Nevada laws that he believes the defendants violated. The attachment provides additional background, but the attachment does not tie any specific facts to the law. If plaintiff chooses to amend him complaint, he must comply with Rule 8. He must allege facts that would reasonably allow each defendant to understand the link between their alleged conduct and the alleged violations of the law. Plaintiff's amended complaint must be complete in itself, without reference to the previous complaint.

ACCORDINGLY,

I ORDER that Cross's application to proceed in forma pauperis (ECF Nos. 14) is GRANTED.

I FURTHER ORDER that plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that plaintiff has until Wednesday, December 28, 2022, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint. I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 23rd day of November 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

5